IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEANNA LANDIS                                                                                           PLAINTIFF

        v.                    Civil No. 2:12-cv-02318-PKH-JRM

CAROLYN W. COLVIN,[1] Commissioner of
Social Security Administration                                                               DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     Factual and Procedural Background**

Plaintiff, Deanna Landis, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act").  42 U.S.C. § 423.

Plaintiff protectively filed her applications on March 8, 2010, alleging a disability onset date of February 28, 2008, due to migraines, restless leg syndrome, joint pain, fibromyalgia, possible multiple sclerosis, obesity, urinary incontinence, blurred vision, and bowel problems.  Tr. 7, 12, 177-178.  On the alleged onset date, Plaintiff was thirty-four years old with a high school education.  Tr. 27-28, 36, 165.

Plaintiff's applications were denied at the initial and reconsideration levels.  Tr. 64-69, 72-76. At Plaintiff's request, an administrative hearing was held on May 17, 2011.  Tr. 23-59.  Plaintiff was present at this hearing and represented by counsel.  The ALJ rendered an unfavorable decision on

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

July 15, 2011, finding Plaintiff was not disabled within the meaning of the Act. Tr. 9-19. Subsequently, the Appeals Council denied Plaintiff's Request for Review on October 22, 2012, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Plaintiff now seeks judicial review of the Commissioner's decision.

II.     **Applicable Law**

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe

impairment that significantly limits her physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.   ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since February 28, 2008, the alleged onset date. Tr. 14. At step two, the ALJ found Plaintiff suffers from the following medically determinable impairments: joint pain and obesity. Tr. 14. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that significantly limited (or was expected to significantly limit) her ability to perform basic work-related activities for twelve consecutive months; therefore, the ALJ determined Plaintiff did not have a severe impairment or combination of impairments. Tr. 14-18. Accordingly, the ALJ determined Plaintiff was not under a disability from February 28, 2008, the alleged onset date, through July 15, 2011, the date of the administrative decision. Tr. 18-19.

### IV.   Discussion

On appeal, Plaintiff contends the ALJ erred by: (A) finding her impairments to be non-severe; (B) discounting her subjective complaints; and (C) failing to fully and fairly develop the record. *See*

Pl.'s Br. 6-14. The Commissioner submits that substantial evidence supports the ALJ's determination. *See* Def.'s Br. 5-10. For the following reasons, the undersigned finds that substantial evidence does not support the ALJ's decision.

Step two of the regulations involves a determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that is severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one which significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have "no more than a minimal impact on her ability to work." *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir.2001), *citing Nguyen v. Chater,* 75 F.3d 429, 430-31 (8th Cir.1996). Although the Plaintiff has the burden of establishing a severe impairment or impairments, the burden at this stage is not great. *Caviness*, 250 F.3d at 605.

In the instant case, the ALJ determined Plaintiff had the following medically determinable impairments: joint pain and obesity. Tr. 14. However, he determined that Plaintiff's impairment or combination of impairments was not medically severe, thus ending the disability evaluation process at step two.

The undersigned finds that substantial evidence does not support the ALJ's determination. Following the ALJ's unfavorable decision, Plaintiff submitted a medical report dated May 17, 2012, from R. Lee Archer, M.D., Professor of Neurology at University of Arkansas for Medical Sciences ("UAMS"), which was considered by the Appeals Council and incorporated into the administrative record on appeal. Tr. 212-214. Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the

Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Once it is clear that the Appeals Council has considered newly submitted evidence, the district court does not evaluate the Appeals Council's decision to deny review. Instead, the court's role is limited to deciding whether the ALJ's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the ALJ's determination was made. *See, e.g., Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992), and *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). Of necessity, that means the court must speculate to some extent on how the ALJ would have weighed the newly submitted reports if they had been available for the original hearing.

In his May 17, 2012 letter, Dr. Archer noted that he examined Plaintiff and concurred with the diagnoses of fibromyalgia, depression, and anxiety. Tr. 212. Specifically, Dr. Archer stated:

> Of course, she is extremely debilitated by her other symptoms. I do believe that she has fibromyalgia, and I do believe that she is so disabled by this, depression and anxiety, that she cannot work. Within a reasonable degree of medical certainty, I consider her completely and permanently disabled because of these symptoms. . . I explained to her that some of her symptoms may be from the stress of her anxiety and depression. . . When someone is under a lot of stress, I explained, it can create physical problems. She has the personality type that puts a lot of stress on herself, and she admits that.

Tr. 212.

The Commissioner argues that Dr. Archer's letter, which is dated approximately ten months following the ALJ's unfavorable decision, is outside the relevant time period. *See* Def.'s Br. 6, 9-10. However, this court's task is to determine whether the ALJ's determination is supported by substantial evidence on the record as a whole, *including the new evidence* submitted after the determination was made. *See Nelson,* 996 F.2d at 366; *Browning*, 958 F.2d at 822. Considering the

-5-

evidence as a whole, including Dr. Archer's letter, the undersigned cannot conclude that substantial evidence supports the ALJ's decision that Plaintiff has no severe impairments.

As the ALJ noted, there is undoubtedly a lack of medical evidence in the present case. However, the undersigned finds that the ALJ failed to adequately develop the record with respect to Plaintiff's alleged mental impairments and fibromyalgia. While Plaintiff has no history of formal mental health treatment, she was diagnosed with depression and/or anxiety by Dr. Frisbee, Dr. Hodge, and Dr. Archer. Tr. 198, 206-212. She was also prescribed the following medications for depression and anxiety: Prozac, Buspirone, and Cymbalta. Tr. 208-211. During his examinations, Dr. Hodge noted that Plaintiff was anxious, with pressured speech, and diagnosed her with major depression. Tr. 208, 211. Dr. Frisbee noted that Plaintiff was very dramatic and labile, and diagnosed her with anxiety and depression. Tr. 197-198. Additionally, Dr. Hodge and Dr. Archer diagnosed Plaintiff with fibromyalgia.[2] Tr. 209, 211-212.

Fibromyalgia is an elusive diagnosis; "[i]ts cause or causes are unknown, there's no cure, and, of greatest importance to disability law, its symptoms are entirely subjective." *Tilley v. Astrue*, 580 F.3d 675, 681 (8th Cir. 2009) (quoting *Sarchet v. Chater,* 78 F.3d 305, 306 (7th Cir.1996)). While there is no documented evidence of fibromyalgia trigger points, Plaintiff's symptoms are wholly consistent with such a diagnosis, and it was confirmed by two physicians. Accordingly, the undersigned finds that the ALJ did not adequately consider Plaintiff's diagnoses of anxiety,

---

[2] Fibromyalgia, a chronic condition recognized by the American College of Rheumatology (ACR), is inflammation of the fibrous and connective tissue, causing long-term but variable levels of muscle and joint pain, stiffness, and fatigue. Diagnosis is usually made after eliminating other conditions, as there are no confirming diagnostic tests. According to the ACR's 1990 standards, fibromyalgia is diagnosed based on widespread pain with tenderness in at least eleven of eighteen sites known as trigger points. Treatments for fibromyalgia include cold and heat application, massage, exercise, trigger-point injections, proper rest and diet, and medications such as muscle relaxants, antidepressants, and anti-inflammatories. *See* Jeffrey Larson, Fibromyalgia, The Gale Encyclopedia of Medicine 1326–27 (Jacqueline L. Longe et al. eds., 2d ed.2002).

depression, and fibromyalgia syndrome when he terminated the disability determination process at step two.

While the evidence of record may not be indicative of complete disability, it clearly illustrates that Plaintiff's impairments qualify under the *de minimus* standard at step two of the disability evaluation process. For these reasons, the undersigned recommends reversal and remand of the instant case for further consideration of Plaintiff's mental and physical impairments. Should this case be remanded, the undersigned recommends that the ALJ further develop Plaintiff's mental impairments by obtaining a consultative mental evaluation. Additionally, the ALJ should take into consideration Dr. Archer's letter and medical findings.

### V.     Conclusion

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 10th day of October 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE